**IN THE UNITED STATES COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL JOSEPH RUDDY,** | : | **No. 3:12cv2376** |
| **on behalf of himself and all** | : | |
| **similarly situated,** | : | **(Judge Munley)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MASTERCARD NETWORK & ALL** | : | |
| **AFFILIATES, VISA CARD NETWORK** | : | |
| **& ALL AFFILIATES, AMERICAN** | : | |
| **EXPRESS and DISCOVER,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is Plaintiff Michael Joseph Ruddy's class action

complaint against various credit and debit card companies for various

frauds. (See Doc. 1, Compl.). Because the complaint fails to clearly state

the basis upon which this court has subject matter jurisdiction, the court will

dismiss Plaintiff Michael Joseph Ruddy's complaint unless he amends his

complaint to show that this court's jurisdiction is proper.

**Background**

Plaintiff Michael Joseph Ruddy (hereinafter "plaintiff") filed the instant

complaint on November 28, 2012 against Defendants Mastercard Network

and all affiliates, Visa Card Network and all affiliates, American Express,

and Discover (hereinafter "defendants").  (See Doc. 1, Compl.).  Plaintiff brings this action on behalf of himself and others who are similarly situated, and seeks monetary damages and injunctive relief on behalf of himself and all prospective class members.  (Id. at 3, 6-7).  Plaintiff's factual allegations are as follows:

> Plaintiff brings this action on behalf of himself and as a representative of a class (Card Holders).  The Swipe Fee is not a fee but a surtax on the gross sale (price tax, tips, extras).  Credit Card companies and banks (Networks) were in collusion to charge the merchants exorbitant fees which the merchants passed onto the customers (Card Holders).  Plaintiffs allege the Defendants place merchants and their customers in a no-win situation and that customers are being held hostage.  The Defendants are imposing a hidden charge on Card Holders.  Debit Card Holders are paying two fees: a swipe fee and a bank fee.  Credit Card Holders are paying swipe fee and high interest rates.  By calling the swipe fee a fee is a blatant misrepresentation (fraud) thereby enriching themselves by hundreds of billions of dollars a year.  This has been going on for years.

(Id. at 4).  In addition to the above-quoted allegations, plaintiff's complaint includes counts for alleged trespass, battery, fraud, a claim for "equity," punitive damages and a claim for "clawback."  (Id. at 5-6).

Plaintiff alleges that this action is brought "pursuant to the laws of the commonwealth of Pennsylvania and the Federal laws of the United States of America."  (Id. at 3).  Moreover, under the "Jurisdiction and Venue"

portion of the complaint, plaintiff alleges as follows:

> (A) Plaintiff and some members of the class reside in the Middle District Court of Pennsylvania.
>
> (B) Defendants do business in the Middle District Area.

(Id.)

## Discussion

Federal courts have an obligation to address issues of subject matter jurisdiction sua sponte. See Shaffer v. GTE North, Inc., 284 F.3d 500, 502 (3d Cir. 2002) (citing Club Comanche, Inc. v. Gov't of the Virgin Islands, 278 F.3d 250, 255 (3d Cir. 2002)). Pursuant to the Federal Rules of Civil Procedure, federal complaints are required to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." FED. R. CIV. P. 8(a)(1).

Even when the court liberally construes the instant pro se complaint, the court cannot identify the basis upon which plaintiff invokes this court's subject matter jurisdiction. Plaintiff does not cite 28 U.S.C. § 1331 or § 1332. Plaintiff does not state whether this case is brought pursuant to federal question jurisdiction. Plaintiff does not cite or specifically reference any federal statute. Plaintiff does not indicate that the parties are diverse.

3

Therefore, the court cannot determine whether it has subject matter jurisdiction to proceed with this case because plaintiff alleges neither the citizenship of all of the parties to this action, nor do plaintiff's causes of action appear to rely upon federal law.

**Conclusion**

Plaintiff's complaint fails to show the existence of subject matter jurisdiction. The plaintiff will be given twenty-one (21) days to file an amended complaint if he can show that this court has subject matter jurisdiction over this matter. Failure to do so will result in this action being dismissed. An appropriate order follows.

**IN THE UNITED STATES COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL JOSEPH RUDDY,** | : | No. 3:12cv2376 |
| **on behalf of himself and all** | : | |
| **similarly situated,** | : | **(Judge Munley)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MASTERCARD NETWORK & ALL** | : | |
| **AFFILIATES, VISA CARD NETWORK** | : | |
| **& ALL AFFILIATES, AMERICAN** | : | |
| **EXPRESS and DISCOVER,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 4th day of December 2012, Plaintiff Michael Joseph Ruddy is hereby **ORDERED** to file an amended complaint within twenty-one (21) days of the date of this Order. Plaintiff's amended complaint shall sufficiently demonstrates this Court's basis for exercising subject matter jurisdiction. Failure to comply with this Order will result in the dismissal of this action.

**BY THE COURT:**

 s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**